**SANDERS LAW GROUP**
Renee J. Aragona, Esq.
Craig B. Sanders, Esq.
333 Earle Ovington Blvd., Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: raragona@sanderslaw.group
File No.: 125914

*Attorneys for Plaintiff*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK
### NEW YORK DIVISION

| | |
|---|---|
| FNTV, LLC,  Plaintiff, v. Interactive One, LLC,  Defendant. | Case No:  **COMPLAINT**  DEMAND FOR JURY TRIAL |

Plaintiff FNTV, LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Interactive One, LLC ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1. This action seeks to recover damages for copyright infringement.

2. Plaintiff herein creates videos and owns the rights to these videos which Plaintiff licenses for various uses.

3. Defendant owns and operates a website known as hiphopwired.com (the "*Website*").

4. Defendant, without permission or authorization from Plaintiff actively copied,

stored, and/or displayed Plaintiff's Video on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

5. FNTV, LLC is a New York Limited Liability Company and maintains its principal place of business in Queens County, New York.

6. Upon information and belief, Defendant Interactive One, LLC, is a Delaware limited liability company with a principal place of business at 25 Water Street (formerly 4 New York Plaza), Suite 501, New York in the Count and State of New York, and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Interactive One, LLC because it maintains its principal place of business in New York.

9. Venue is proper under 28 U.S.C. §1391(a)(2) because Interactive One, LLC does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

10. Plaintiff is a professional videographer by trade who is the legal and rightful owners of videos which Plaintiff licenses to various publications.

11. Plaintiff has invested significant time and money in building Plaintiff's video portfolio.

12. Plaintiff has obtained active and valid copyright registrations from the United

States Copyright Office (the "*USCO*") which cover many of Plaintiff's videos while many others are the subject of pending copyright applications.

13. Plaintiff's videos are original, creative works in which Plaintiff owns protectable copyright interests.

14. Interactive One, LLC is the registered owner of the Website and is responsible for its content.

15. Interactive One, LLC is the operator of the Website and is responsible for its content.

16. The Website is a popular and lucrative commercial enterprise.

17. The Website is monetized in that it contains paid advertisements and, upon information and belief, Defendant profits from these activities.

18. On January 26, 2022, Plaintiff authored a video of Sarah Palin eating in a NYC restaurant after testing positive for COVID 19 (the "*Video*"). A copy of a still image from the Video is attached hereto as Exhibit 1.

19. Plaintiff applied to the USCO to register the Video on or about April 19, 2022 under Application No. 1-11319224991.

20. The Video was registered by the USCO on April 19, 2022 under Registration No. PA 2-354-256.

21. On February 4, 2022, Plaintiff first observed the Video on the Website in a story dated January 27, 2022. A copy of the screengrab of the Website including the Video is attached hereto as Exhibit 2.

22. The Video was displayed at URL: https://hiphopwired.com/1115288/karen-khronikles-sarah-palin-caught-raw-dogging-air-in-nyc-after-positive-covid-test/.

23. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and/or displayed Plaintiff's copyright protected Video as is set forth in Exhibit "1" on the Website.

24. Upon information and belief, the Video was copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter the "*Infringement*").

25. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1160 (9th Cir. 2007).

26. The Infringement is an exact copy of the entirety of Plaintiff's original Video that was displayed by Defendant on the Website.

27. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and/or displaying videos including but not limited to Plaintiff's Video.

28. Upon information and belief, Defendant directly contributes to the content posted on the Website by, inter alia, directly employing reporters, authors and editors as its agents, including but not limited to Robert Longfellow who is listed on Defendant's Website as an author and "Staff Writer" ("Employees").

29. Upon information and belief, at all material times the Employees were acting within the course and scope of their employment when they posted the Infringement.

30. Upon information and belief, at all material times the Employees were acting

within the course and scope of their agency when they posted the Infringement.

31. Upon information and belief, the Video was willfully and volitionally posted to the Website by Defendant.

32. Upon information and belief, the Infringement was not posted at the direction of a "user" as that term is defined in 17 U.S.C. §512(c).

33. Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States Copyright Laws.

34. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

35. Upon information and belief, Defendant monitors the content on its Website.

36. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

37. Upon information and belief, the Infringement increased traffic to the Website and, in turn, caused Defendant to realize an increase in its advertising revenues.

38. Upon information and belief, a large number of people have viewed the unlawful copies of the Video on the Website.

39. Upon information and belief, Defendant at all times had the ability to stop the reproduction and/or display of Plaintiff's copyrighted material.

40. Defendant's use of the Video, if widespread, would harm Plaintiff's potential market for the Video.

41. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

# FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

42. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

43. The Video is an original, creative work in which Plaintiff owns a valid copyright properly registered with the United States Copyright Office.

44. Plaintiff has not licensed Defendant the right to use the Video in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Defendant.

45. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

46. Defendant's display of the Video constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

47. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Video in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Video of the Plaintiff without Plaintiff's consent or authority, by using it in the infringing article on the Website.

48. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for the infringement pursuant to 17 U.S.C. § 504(c).

49. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

50. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of its copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

51. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed upon Plaintiff's rights to the Video in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

   a. finding that Defendant infringed upon Plaintiff's copyright interest in the Video by copying and/or displaying it without a license or consent;

   b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for the infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

   c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

   d. for costs of litigation and reasonable attorney's fees against Defendant

pursuant to 17 U.S.C. § 505 and/or 17 U.S.C. §1203(b)(4) and (5);

e.  for pre judgment interest as permitted by law; and

f.  for any other relief the Court deems just and proper.

DATED: January 26, 2023

**SANDERS LAW GROUP**

By: */s/ Renee J. Aragona*
Renee J. Aragona, Esq.
Craig B. Sanders, Esq.
333 Earle Ovington Blvd., Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: raragona@sanderslaw.group
File No.: 125914

*Attorneys for Plaintiff*